IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCIA T. POLK,                         :
                                        :
     Plaintiff,                         :
                                        :
vs.                                     :
                                        :    CIVIL ACTION 10-0636-CG-M
SEARS, ROEBUCK and CO., *et al.*,       :
                                        :
     Defendants.                        :

REPORT AND RECOMMENDATION

The Motion to Dismiss, filed by Defendant Sears, Roebuck and Co.[1] (hereinafter *Sears*) (Docs. 31-32), and Plaintiff Marcia T. Polk's Motion to Amend Complaint (Doc. 39) have been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.[2] Jurisdiction has been invoked in this Court under 42 U.S.C. § 2000e-2. After consideration, it is recommended that Sears's Motion to Dismiss (Docs. 31-32) be denied in part and granted in part and that Plaintiff's Motion to Amend Complaint (Doc. 39) be granted.

The facts are, briefly, as follows. Plaintiff was hired by

---

[1]Defendant asserts that it has been improperly named "Sears Roebuck and Company" and/or "Sears Holdings Corporation" but that Sears, Roebuck and Co. is its proper name (Doc. 31, p. 1).
[2]Plaintiff has filed a "Motion to Request Decision of Court" (Doc. 42) which is **MOOT** with the filing of this Report.

1

Sears as a Retail Support Associate in the Customer Care Network on July 18, 2008 (Doc. 27, p. 1). Polk brought this action on November 22, 2010 (Doc. 1), asserting that her civil rights had been violated raising multiple claims, including the following: (1) discrimination on the basis of sex, disability, religion, color, and race; (2) discrimination based on a hostile work environment; and (3) violations of the Health Insurance and Portability Accountability Act (hereinafter *HIPPA*) (Doc. 27).[3] Sears filed a Motion to Dismiss (Doc. 31-32) this action; Polk filed a response (Doc. 43) and Defendant has replied (Doc. 41).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that

---

[3]The Court notes that this is the Fourth Amended Complaint and that not all claims were set out herein. Plaintiff has Motioned to Amend the Complaint a fifth time (Doc. 39) which will be taken up later in this Report and Recommendation.

the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[4] While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v.*

---

[4]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

3

*College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Sears asserts that Plaintiff's claims, brought pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter *Title VII*), 42 U.S.C. § 2000e, and the Americans with Disabilities Act of 1990 (hereinafter *ADA*), 42 U.S.C. § 12101, are due to be dismissed because Polk did not exhaust her administrative remedies (Doc. 32, p. 3). The evidence demonstrates that Polk

4

filed a discrimination charge with the Equal Employment Opportunity Center (hereinafter *EEOC*) on February 19, 2010 in which she claims that she had been discriminated against on the basis of race, religion, retaliation, age, and disability (Doc. 32, Exhibit A).  On August 23, 2010, the EEOC issued a Right-To-Sue letter, which specifically stated that if Polk wished to pursue her claims by way of action in federal court, the "lawsuit **must be filed WITHIN 90 DAYS of [her] receipt of this notice**" (Doc. 32, Exhibit B) (emphasis in original).

This action was filed on Monday, November 22, 2010 (Doc. 1), ninety-one days after the right-to-sue letter was issued. Since the period for Polk to file her complaint ended on Sunday, November 21, 2010, pursuant to Fed.R.Civ.P. 6(a)(1)(c), the period for filing was properly extended to Monday, November 22, 2010.  The Court notes that this does not even consider the period of time that would have lapsed from when the EEOC's letter was issued until the time Plaintiff actually received it. The Court finds that Polk timely filed this action.

Sears also advances arguments regarding a second EEOC charge that was filed by Polk which, apparently, has not yet been ruled on by the Commission (Doc. 32, pp. 4-5).  The Court will not speculate as to what should happen with the claims raised in that charge as they are not before this Court.

In any event, the Court has found that this action was filed in a timely manner. Therefore, it is recommended that Sears's Motion to Dismiss the discrimination claims brought in this action pursuant to Title VII and the ADA, raised in Polk's February 19, 2010 charge, be denied.

Sears also seeks to dismiss Plaintiff's claim under HIPPA (Doc. 33, p. 6). The Eleventh Circuit Court of Appeals has held that there is no private cause of action under HIPPA. *Crawford v. City of Tampa*, 397 Fed.App'x. 621, 623 (11th Cir. 2010) (*citing Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006)). The Court recommends that Defendant's Motion to Dismiss be granted as to Polk's HIPPA claim.

Plaintiff has also filed a Motion to Amend her Complaint (Doc. 39). Though suggesting the futility of allowing the Amendment, Defendant has filed no real objection (Doc. 41).

Nevertheless, the Court has reviewed the current Complaint (Doc. 27) with the proposed new complaint (Doc. 39) and finds very little difference between the two. Specifically, Polk has eliminated ¶ 105 from the proposed new complaint and has renamed Count Eleven, changing it from a claim under HIPPA to a claim for invasion of privacy (Doc. 39, p. 33; *cf.* Doc. 27, p. 32).

The Court notes that Alabama specifically recognizes the tort invasion of privacy as acknowledged in the following

Alabama Supreme Court holding:

> Alabama has long recognized the tort of invasion of privacy. *Smith v. Doss,* 251 Ala. 250, 37 So.2d 118 (1948). It is generally accepted that invasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use. *Norris v. Moskin Stores, Inc.,* 272 Ala. 174, 132 So.2d 321 (1961).

*Johnston v. Fuller*, 706 So.2d 700, 701 (Ala. 1997). As Alabama recognizes the tort claimed by Plaintiff, and Defendant has put forth no objection to the amendment, the Court recommends that Plaintiff's Motion to Amend her Complaint be granted (Doc. 39).

In summary, it is recommended that Sears's Motion to Dismiss (Docs. 31-32) be denied in part and granted in part and that Plaintiff's Motion to Amend Complaint (Doc. 39) be granted.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C);

*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 8th day of September, 2011.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE