IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCIA T. POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 10-0636-CG-M |
| | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 44), defendant's objection thereto (Docs. 45, 46), and plaintiff's motion to overrule defendant's objection (Docs. 49, 50). The magistrate judge recommended that defendant's motion to dismiss (Doc. 31) be granted in part and denied in part and that plaintiff's motion to amend complaint (Doc. 39) be granted. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court the court declines to adopt the report and recommendation and finds that defendant's motion to dismiss (Doc. 31) should be granted. Additionally, because plaintiff's proposed amendment to the complaint does not cure the defect of her claims against defendant, plaintiff's motion to amend (Doc. 39), will be denied.

1

## BACKGROUND

Plaintiff, Marcia T. Polk brought this action pro se on November 22, 2010, against several individual defendants asserting that they had harassed her due to her disability, had sexually harassed her, or had failed to respond to the harassment and had created a hostile work environment. (Doc. 1). Attached to her complaint was a copy of the EEOC's dismissal and notice of right to sue letter, dated August 23, 2010, which stated that plaintiff had the right to file a lawsuit within 90 days of receipt of the notice. (Doc. 1, p. 25). On November 24, 2010, plaintiff filed an amended complaint and on December 15, 2010 filed a second amended complaint, both of which named only individuals as defendants. (Docs. 2, 7). On April 5, 2011, the court ordered plaintiff to file a third amended complaint that names "the company" as a defendant. (Doc. 13). The order explained that the second amended complaint failed to state a claim upon which relief can be granted because "individuals who are not supervisors are not proper defendants to Plaintiff's employment action." (Doc. 13, p. 2). On May 3, 2011, plaintiff filed her third amended complaint which named, Sears, Roebuck and Company, and Sears Holdings Corporation as defendants. (Doc. 18). On May 19, 2011, plaintiff requested leave to file a fourth amended complaint (Doc. 20), which the court granted. (Doc. 26, 27). Defendant, Sears Roebuck and Company ("Sears") was served for the first time on June 2, 2011.

Sears moved for dismissal asserting that plaintiff did not exhaust her

administrative remedies because she did not file claims against Sears until more than ninety days after she received the right to sue letter. The magistrate judge recommended that the motion to dismiss should be denied because plaintiff filed her lawsuit on November 22, 2010, within the ninety day limitation. (Doc. 44).

Sears objects to the magistrate's conclusion, asserting that although plaintiff's original complaint was timely, the claims against Sears were filed more than five months after the original complaint and do not relate back. Sears was not named as a party in this case until plaintiff filed her third amended complaint on May 3, 2011 and Sears did not receive formal notice until June 2, 2011, when it was served for the first time.

## DISCUSSION

When a party seeks to amend her complaint after the statute of limitations has passed, that party must establish that the amendment is appropriate under Rule 15(c). Rule 15(c) sets forth the circumstances under which an amendment "relates back" to the date of the timely filed original pleading. If an amendment "relates back" under Rule 15(c), it is considered timely even though it was filed outside the application limitations period. Krupski v. Costa Crociere S.p.A, ___U.S. ___, 130 S.Ct. 2485, 2489, 177 L.Ed.2d 48 (2010). Pursuant to Rule 15(c), an amendment to a proceeding relates back to the date of the original proceeding when:

3

>(A) the law that provides the applicable statute of limitations allows relation back;
>
>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In the instant case, the relation back issue falls under subsection (C) because the amendment changes the party against whom the claims are asserted. Accordingly, the claims must first comply with Rule 15(c)(1)(B) which requires that they arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." FED. R. CIV. P. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (which is ordinarily 120 days from when the complaint is filed, see Rule 4(m)), the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." FED. R. CIV. P. 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it,

4

but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii).  Plaintiff has the burden of demonstrating that these requirements are satisfied. Hodge v. Orlando Utilities Com'n, 2009 WL 5067758, *5 (M.D. Fla. Dec. 15, 2009); see also Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) ("Once the defendant contests this issue the plaintiff has the burden of establishing that he met the ninety day filing requirement." citation omitted); Al-Dahir v. F.B.I., 2011 WL 4912100 (5th Cir. Oct. 17, 2011) ("Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c)." citation omitted).

  As to the first prong, the court must consider whether the new claims arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." FED. R. CIV. P. 15(c)(1)(B).  "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." States Farris v. United, 333 F.3d 1211, 1215 (11th Cir. 2003).  Plaintiff's original complaint asserted claims for harassment due to her disability, sexual harassment, and hostile work environment based on the sexual and disability harassment.  To the extent plaintiff is now attempting to assert claims for racial and religious discrimination, those claims do not arise from the same set of facts as the original claims and therefore do not relate back to the original complaint.  However, plaintiff's claims against Sears for disability and sexual harassment and

5

for hostile work environment based on disability and sexual harassment satisfy the first prong.

The court then turns to whether Sears, within 120 days from the filing of the original complaint, "received such notice of the action that it will not be prejudiced in defending on the merits." FED. R. CIV. P. 15(c)(1)(C)(i). "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge of its timeliness in seeking to amend the pleading." Krupski, 130 S.Ct. at 2490. In Krupski the Supreme Court concluded that the most important factor to consider is whether the newly named defendant had some form of notice that they might be a named party.[1] Sears was not served with the complaint within 120 days from the filing of the complaint; however, its employees were served within that time period and Sears had knowledge that plaintiff had asserted claims against it to the EEOC.

Courts have held that notice is sufficient when a party has a reasonable expectation of being named a defendant after learning about the litigation through some informal means. See e.g. Singletary v. Penn. Dept. Of Corrections, 266 F.3d 186, 195 (3d Cir. 2001). "[T]he notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has

---

[1] However, if "[the moving party makes] a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties [that] is the antithesis of making a mistake concerning the proper party's identity." Krupski, 130 S.Ct. at 2494.

6

instituted the action." Id. (citing omitted). "[N]otice of a suit may be imputed where the new defendant and the originally named defendant share some identity of interest, or where the parties are so interrelated in their business operations that notice of the institution of an action against one would serve as notice to the other. Pugh v. Kobelco Const. Machinery America, LLC, 2009 WL 2486042, *2 (M.D. Ala. Aug. 12, 2009) (citation omitted). For instance, where a complaint naming a corporation as the defendant is later amended to add the corporation's owner, e.g., Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1258 (11th Cir. 1983), or parent corporation, e.g., Marks v. Prattco, Inc., 607 F.2d 1153 (5th Cir. 1979)[2], the added party is deemed to have had notice in light of its "identity of interests" or close association with the original defendant. Notice may also be imputed to the new party through shared counsel. Pugh, 2009 WL 2486042 at *2 (citing Pompey v. Lumkin, 321 F.Supp.2d 1254, 1263 (M.D. Ala. 2004). Shared attorneys is evidence of an identity of interests among the parties.

     In Singletary, the Third Circuit applied the "identity of interest" method for determining whether the defendant had notice. This test looks at whether the newly named party and the previously named defendant are "so closely related in

---

[2] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other." Id. at 198 (citing 6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1499, at 146 (2d ed.1990)). The Singletary court first found that the new defendant had not received notice through the "shared attorney" method of imputing notice because the 120 day period had run before the attorney began representing the new defendant. Id. at 197.  The court then found that the defendant did "not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee" because the proposed defendant was "a staff level employee with no administrative or supervisory duties" and "was not highly enough placed within the prison hierarchy." Id. at 199–200.

   In the instant case, as in Singletary, it appears that the original named defendants were not supervisory employees.  The court notes that Sears is being represented in this case by the same attorney that represented the originally named defendants.  However, there has been no evidence or suggestion that Sears was represented by the same attorney or law firm prior to being served with the action on June 2, 2011.  The shared counsel is not inside corporate counsel for Sears, but an independent local law firm.  Plaintiff has not met her burden of demonstrating that the individual defendants had sufficient nexus of interests with Sears such that their knowledge should be imputed to Sears.  Therefore, the court finds that plaintiff's claims against Sears are untimely and should be dismissed.

8

Plaintiff's proposed amendment to the complaint does not cure the defect of her claims against Sears.  Accordingly, plaintiff's motion to amend will be denied.

## CONCLUSION

For the reasons stated above, the court declines to adopt the report and recommendation and hereby **GRANTS** the motion of Sears, Roebuck and Co. to dismiss (Doc. 31).   The court **FURTHER ORDERS** that plaintiff's motion to amend her complaint (Doc. 39) is **DENIED**.  As this ruling terminates the action, all other pending motions are deemed **MOOT**.

**DONE** and **ORDERED** this 28th day of February 23, 2012 .

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE